IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANNON JONES,<br>           Plaintiff,<br><br>           v.<br><br>FC USA, INC. d/b/a LIBERTY TRAVEL,<br>AMR GP HOLDINGS, LLC, and<br>AMRESORTS, L.P. d/b/a BREATHLESS<br>PUNTA CANA RESORT AND SPA<br>           Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-1126 |

DuBois, J.                                                                                   November 13, 2017

## M E M O R A N D U M

### I. INTRODUCTION

      This is a negligence case arising from a sexual assault. Plaintiff Shannon Jones alleges she was sexually assaulted while receiving a massage during a beach excursion in the Dominican Republic. She claims that Liberty Travel ("Liberty"), the travel agency with whom plaintiff's friend booked the trip, and AMR GP and AMResorts (collectively "AMR"), allegedly the owners of Breathless Punta Cana Resort and Spa, were directly and vicariously liable for the sexual assault. Plaintiff also avers that all defendants, by assuring the safety of the excursion, made negligent misrepresentations to Jones and fraudulently induced Jones to book the excursion.

      Presently before the Court are Liberty's Motion to Dismiss and AMR's Motion to Dismiss. All defendants move to dismiss under the doctrine of forum non conveniens and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In addition, Liberty asserts the Court lacks personal jurisdiction. For the reasons that follow, the Court grants both motions to dismiss on forum non conveniens grounds, conditioned on defendants agreeing to

waive any statute of limitations defenses if plaintiff initiates a suit in the Dominican Republic. The Court does not reach the other issues raised in the motions.

## II. BACKGROUND

Plaintiff's friend, Jennifer Kaplan, purchased a vacation package to Aruba for herself and plaintiff through Liberty in January, 2016. Am. Compl. ¶ 16, June 13, 2017, Doc. No. 12. Liberty and Ms. Kaplan agreed to change the destination to Breathless Punta Cana Resort and Spa ("the Resort"), in the Dominican Republic, after a fire in the Aruba hotel. Am. Compl. ¶ 19.

At a Liberty designated table at the Resort, plaintiff booked an excursion that included a trip to a local beach. Am. Compl. ¶ 25. Upon arrival at the beach for the excursion, on March 14, 2016, plaintiff requested a massage and was directed to a small hut located off of the beach. Am. Compl. ¶ 27. Plaintiff was approached by Francisco Perez Nova, who told plaintiff he would massage her. Am. Compl. ¶ 28. Nova allegedly sexually assaulted plaintiff by grabbing her breasts and digitally penetrating her vagina. Am. Compl. ¶ 30. The parties dispute whether Nova was employed by or an agent of the company with whom plaintiff booked the excursion. Am. Compl. ¶ 28; Mem. of Law in Supp. of Def. Flight Centre Travel Group (USA) Inc. f/n/a FC USA, Inc. d/b/a Liberty Travel's Mot. to Dismiss 4, June 26, 2017, Doc. No. 14.

On June 26, 2017, Liberty filed a Motion to Dismiss Plaintiff's Amended Complaint, asserting the Court lacks personal jurisdiction, plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the case should be dismissed and adjudicated in the Dominican Republic under the doctrine of forum non conveniens. Liberty Mem. Supp. Mot. Jones filed her Response on July 26, 2017. Pl.'s Br. in Opp'n to Def. FC USA, Inc. d/b/a Liberty Travel's Mot. to Dismiss, July 26, 2017, Doc. No. 19. The Liberty Motion is thus ripe for review.

On June 27, 2017, the AMR defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, asserting plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and the case should be dismissed and adjudicated in the Dominican Republic under the doctrine of forum non conveniens. Mem. of Law in Supp. of Defs. AMResorts, L.P. and AMR GP Holdings, LLC's Mot. to Dismiss, June 27, 2017, Doc. No. 15. Jones filed her Response on July 27, 2017. Pl.'s Br. in Opp'n to Defs. AMR GP Holdings, LLC and AMResorts, L.P. d/b/a Breathless Punta Cana Resort and Spa's Mot. to Dismiss. AMR filed a Reply on August 15, 2017. Reply in Supp. of Defs. AMResorts, L.P. and AMR GP HOLDINGS, LLC's Mot. to Dismiss for Forum Non Conveniens and/or to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Aug. 15, 2017, Doc No. 23. The AMR Motion is thus ripe for review.

### III. APPLICABLE LAW

In reviewing a motion to dismiss on the grounds of forum non conveniens, the Court examines the convenience to the parties, the convenience to the witnesses, and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party has the burden of establishing that these considerations favor transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970).

> A district court may, in the exercise of its sound discretion, dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'"

*Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988) ("*Lacey I*") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 441 (1981)). "In deciding whether to dismiss a case for forum non conveniens, 'the ultimate inquiry is where trial will best serve the convenience of the parties and

the ends of justice.'" *Id.* at 42 (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947)).

Courts consider four factors in deciding a motion to dismiss based on forum non conveniens: (1) the availability of an adequate alternative forum where defendants are amenable to process and plaintiff's claims are cognizable; (2) the amount of deference to be afforded to plaintiff's choice of forum; (3) relevant private interest factors affecting the convenience of the litigants; and (4) relevant public interest factors affecting the convenience of the forum. *Kisano Trade & Invest. Ltd. v. Lemster*, 737 F. 3d 869, 873 (3d Cir. 2013).

**IV. DISCUSSION**

**A. The Court dismisses this case under the doctrine of forum non conveniens.**

Liberty and AMR, in their separate motions to dismiss, argue that the Court should dismiss this case under the doctrine of forum non conveniens, on the ground that the Dominican Republic is a more appropriate forum to adjudicate the dispute. Liberty Mem. Supp. Mot.; AMR Mem. Supp. Mot. The Court agrees.

1. The courts of the Dominican Republican are an adequate alternative forum, provided plaintiff's claims are not time barred under the local statute of limitations.

The Court first considers whether the courts of the Dominican Republic are an available and adequate alternative forum to adjudicate this dispute. The Dominican Republic is a democratic nation with an independent three-tiered judicial system providing for appellate review. *See* Herrera-Beato Aff. ¶¶ 9–16. Furthermore, the Dominican Republic judicial system provides causes of action in tort for bodily injuries, allows plaintiffs to pursue claims against multiple defendants in one action, and allows for extensive discovery. *See* Herrera-Beato Aff. ¶¶ 17, 21, 31–32. A court in the Dominican Republic will have subject matter jurisdiction over this case, since the alleged assault occurred in the Dominican Republic. *See* Herrera-Beato Aff.

4

¶ 28 ("Dominican courts have jurisdiction to entertain any case arising out of . . . injuries caused or accidents taking place in the Dominican Republic.").

"The requirement of an adequate alternative forum is generally satisfied 'when the defendant is "amenable to process" in the other jurisdiction.'" *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d. Cir. 1991) (*"Lacey II"*) (quoting *Piper*, 454 U.S. at 254 n. 22). While Liberty is willing to stipulate that it is amenable to process in the Dominican Republic, AMR is not. Liberty Mem. Supp. Mot. 9; AMR Mem. Supp. Mot. 4. AMR's position is based on its contention that AMR does not own or control the Resort. AMR Mem. Supp. Mot. 1–2. However, if plaintiff's allegation in her Amended Complaint that "AMR conducted business as and/or completely controlled Breathless Punta Cana Resort and Spa" is correct, AMR will be amenable to process in the Dominican Republic. *See* Am. Compl. ¶ 9. Alternatively, if AMR is, as it contends, an "erroneously included defendant," the fact that it may not be amendable to process in the Dominican Republic will not make the forum inadequate. *See* AMR Mem. Supp. Mot. 4.

Notwithstanding the disputed relationship between AMR and the Resort, it appears AMR is amenable to process in the Dominican Republic. Since a court in the Dominican Republic will have subject matter jurisdiction over this case, "any party, national, or foreign, can be brought before the court by simply serving them with a copy of the complaint wherever they may be located." Herrera-Beato Aff. ¶¶ 28–30.

However, defendants do not adequately show that a suit by plaintiff in the Dominican Republic would not be time barred under the local statute of limitations. While Liberty asserts, relying on Dr. Marco A. Herrera-Beato's affidavit, that the statute of limitations for plaintiff's claim against Liberty has not expired, Dr. Herrera-Beato's affidavit does not completely support

5

this statement. On this issue, Dr. Herrera-Beato states only that the statute of limitations for contract disputes is two years, and the parties may agree to a longer statute of limitations through a written agreement. Herrera-Beato Aff. ¶¶ 24–26. However, plaintiff's suit is a tort action, as she alleges that defendants were negligent, and, by assuring the safety of the excursion, defendants made negligent misrepresentations to plaintiff and fraudulently induced plaintiff to book the excursion. Dr. Herrera-Beato does not say anything in his affidavit about the Dominican Republic's statute of limitations for tort actions.

If the Dominican Republic's statute of limitations bars bringing this tort case in that forum, the forum is not an adequate alternative. *See Bank of Credit and Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001). Thus, the Court determines that the Dominican Republic is an adequate alternative forum only if the defendants agree to waive any statute of limitations defenses if plaintiff initiates a suit in the Dominican Republic.

2. The Court gives considerable deference to plaintiff's choice of forum.

Next, the Court considers the level of deference given to plaintiff's choice of forum. Plaintiff is a citizen of Maryland and brings suit in the Eastern District of Pennsylvania. Liberty asserts that plaintiff's choice of forum should be given less deference because she is not a resident of the state in which she filed suit. Liberty Mem. Supp. Mot. 9–10. When a citizen of the United States files suit in a United States court, and the alternative forum is a foreign court, his home forum is any United States court. *Trotter v. 7R Holdings, LLC*, No. 2014-CV-99, 2016 WL 1271025, at *4 (D.V.I. Mar. 30, 2016), *aff'd*, 873 F.3d 435 (3d Cir. 2017) ("Where the plaintiff is an American citizen, his '"home forum" . . . is a United States court'") (quoting *Guidi v. Inter–Continental Hotels Corp.*, 224 F.3d 142, 146 (2d Cir. 2000)); *Delta Airlines, Inc. v.*

6

*Chimet, S.p.A.*, No. 08-CV-02898, 2008 WL 5336720, at *3 (E.D. Pa. Dec. 19, 2008), *aff'd*, 619 F.3d 288 (3d Cir. 2010) (holding that a Delaware corporation with its principal place of business in Georgia which filed suit in the Eastern District of Pennsylvania filed suit in its home forum when Italy was the proposed alternative forum). "The particular state where an American plaintiff resides is not relevant to the forum non conveniens analysis when the alternative forum is a foreign court." *Trotter*, 2016 WL 1271025, at *4; *accord Sevison v. Cruise Ship Yours, Inc.*, No. 1996-CV-57, 1997 WL 530267, at *2 (D.V.I. Aug. 15, 1997) ("Moreover, when the plaintiff is an American citizen and the alternative forum is foreign, the burden upon the defendant to show that the plaintiff's choice is inconvenient is even stronger."). Accordingly, the Court gives the plaintiff's choice of forum in this case considerable deference. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.3d 604, 609 (3d Cir. 1991).

     3.   The private factors favor dismissing the case.

Next, the Court turns to the private interest factors. "[P]rivate interests include such things as ease of access to sources of proof, ability to compel witness attendance, and other potential obstacles to a cost-effective and expeditious trial." *Kisano*, 737 F.3d at 877 (3d Cir. 2013); *accord Gulf Oil*, 330 U.S at 508; *Delta Air Lines, Inc.*, 619 F.3d at 296.

The private interest factors favor dismissal. Most of the essential witnesses are located in the Dominican Republic. For instance, defendants identify employees of the Resort, employees of the excursion company, Nova, police officers, and individuals who helped plaintiff escape from Nova. Liberty Mem. Supp. Mot. 10–11. It would be inconvenient for these essential witnesses to travel from the Dominican Republic to Philadelphia for the purpose of the trial. Furthermore, these witnesses in the Dominican Republic are located outside of the Court's subpoena power as provided in Federal Rule of Civil Procedure 45(c)(1)(A), so the Court will

not be able to compel their testimony if they are unwilling to come to Philadelphia for trial. Trying the case with depositions rather than live testimony is not an adequate substitute. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil*, 330 U.S. at 511. If this case is filed in the Dominican Republic, the convenience of the witnesses will be better served, the parties will have easier access to sources of proof, and the court will be able to compel key witnesses to testify at trial.

  4. The public factors also favor dismissing this case.

  Finally, the Court turns to the public factors described by the Supreme Court in *Piper* and *Gulf Oil*:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper*, 454 U.S. at 241 n.6 (quoting *Gulf Oil*, 330 U.S. at 508). "In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'" *Lacey I*, 862 F.3d at 48 (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988)).

  The Dominican Republic's interest in this case, the desire to avoid an analysis of conflict of laws, and the application of foreign law tip the public factors in favor of dismissal. The Dominican Republic has a stronger interest than Pennsylvania as a forum for this case because it has a compelling interest in resolving disputes arising out of torts occurring within its borders. That is particularly true in this case because of the interest of the Dominican Republic in ensuring the safety of guests at its resorts. *Perez-Lang v. Corporacion de Hoteles*, *S.A.*, 575

8

F.Supp.3d 1345, 1352 (S.D. Fl. 2008) (holding that the Dominican Republic has a substantial interest in the safety of guests at a major resort in the country). In contrast, Pennsylvania has little or no interest in resolving a dispute concerning a Maryland citizen who was allegedly assaulted in the Dominican Republic. Furthermore, because Pennsylvania has little or no interest in this dispute, it would be unfair to burden its citizens with jury duty in this case. *See Gulf Oil*, 330 U.S. at 508–09 ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").

In addition, denying these motions would create unnecessary problems in conflict of laws and potentially lead to the application of foreign law. If the Court does not dismiss the case, it would have to determine the law to be applied. Federal courts sitting in diversity apply the choice of law rules of the forum state. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The Pennsylvania Supreme Court abandoned *lex loci delicti* (the law where the offense was committed) for choice of laws in tort actions "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." *Griffith v. United Air Lines Inc.*, 203 A.2d 796, 805 (Pa. 1964). The Court would be required to conduct a three-step analysis that concludes with "weigh[ing] the contacts on a qualitative scale." *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 231 (3d Cir. 2007). Moreover, it appears that the law of the Dominican Republic would govern the case because of its greater interest in the case. *See Perez-Lang*, 575 F.Supp.2d at 1352–53 (concluding that the tort action would "seemingly be governed by Dominican Republic law" under Florida's similar choice of laws rule).

5. Conclusion

The Court concludes that the Dominican Republic is an adequate alternative forum for this dispute, provided plaintiff's claims are not time barred under the Dominican Republic's

statute of limitations. While the Court accords considerable deference to plaintiff's choice of forum, "the balance of the public and private interests clearly favors an alternate forum." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008). Thus, the Court concludes that this case should be dismissed under the doctrine of forum non conveniens, on condition that defendants agree to waive any statute of limitations defenses if plaintiff initiates suit in the Dominican Republic.

### B. The Court need not decide the issue of personal jurisdiction over Liberty.

"[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 548 U.S. 422, 425 (2007). Therefore, the Court does not address Liberty's argument that the Court does not have personal jurisdiction over Liberty.

### V. Conclusion

For the foregoing reasons, the Court grants AMR's Motion to Dismiss and Liberty's Motion to Dismiss on forum non conveniens grounds, on the condition that both defendants agree to waive any defenses that plaintiff's suit is time barred under the statute of limitations of the Dominican Republic. The Court does not reach the other issues presented in the motions. Plaintiff's claims are dismissed without prejudice to her right to initiate a suit in the Dominican Republic within six months. If additional time for initiating suit in the Dominican Republic is required, it must be requested by letter to Chambers, stating reasons for the requested extension, within the six month period. An appropriate order follows.